Filed 2/21/24  P. v. Bailey CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br>v.<br>LORENCE EMANUEL BAILEY,<br><br>      Defendant and Appellant. | A166698<br><br>(Humboldt County<br> Super. Ct. No.<br>CR1605339) |

MEMORANDUM OPINION[1]

Defendant (and appellant) Lorence Emanuel Bailey was charged with murder (Pen. Code, § 187)[2] and enhancement allegations in an Amended Information filed in 2017.  In September 2019, he pled guilty to an amended charge of voluntary manslaughter (§ 192) with a firearm-use enhancement (§ 12022.5) and a prior strike (§ 667) as well as a charge of assault on a custodial officer (§ 245.3).  The trial court sentenced Bailey to state prison in accordance with his plea agreement.  Bailey did not appeal.

---

[1]      We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration section 8.1.

[2]      All statutory references herein are to the Penal Code.

In April 2022, Bailey filed a petition in the trial court for recall of his sentence and resentencing under former section 1170.95 (now section 1172.6).[3] At the prima facie hearing, the court observed that Bailey was ineligible for relief due to the "nature of the case" and his admission of personal use of a firearm. By written order, the court denied the petition, concluding that Bailey did not qualify for relief because he was prosecuted as the only individual responsible for his victim's death, by personally inflicting a fatal wound using a firearm.

On appeal, Bailey contends the trial court erred by relying on inadmissible hearsay in the preliminary hearing transcript to deny his petition at the prima facie stage. He also contends his trial counsel was ineffective because he did not object to the court's reliance on that hearsay.

We need not address the issues Bailey raises because, as respondent the People of the State of California points out, Bailey is not eligible for relief under section 1172.6 as a matter of law. (See *People v. Turner* (2020) 10 Cal.5th 786, 807 [reviewing the trial court's ruling, not its reasoning].) At the time of Bailey's guilty plea, the murder laws had already been amended by Senate Bill No. 1437. Because section 1172.6 was designed to provide relief to defendants who were or could have been convicted of murder (or its attempt) under *prior* law (*People v. Lewis* (2021) 11 Cal.5th 952, 957), Bailey is ineligible for relief under section 1172.6 (*People v. Reyes* (2023) 97 Cal.App.5th 292, 298–299 (*Reyes*)).

Section 1172.6 states that "a person convicted of felony murder or murder under the natural and probable consequences doctrine or other

---

[3]      Section 1170.95 was renumbered without substantive change on June 30, 2022. (See Stats. 2022, ch. 58, § 10 (Assem. Bill No. 200).) We will refer to the statute by its current number.

theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced." (§ 1172.6, subd. (a).)

There are generally three requirements for obtaining relief under this statute: (1) a complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of murder which imputed malice onto a person based solely on that person's participation in a crime (§ 1172.6, subd. (a)(1)); (2) the petitioner was convicted of murder, attempted murder, or manslaughter following a trial or *accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder* (§ 1172.6, subd. (a)(2)); and (3) the petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 *made effective January 1, 2019* (§ 1172.6, subd. (a)(3)). (Italics added; *Reyes, supra,* 97 Cal.App.5th at p. 297.)

In *Reyes,* the petitioner had been charged with murder in 2020 and pleaded no contest to second degree murder in 2021. (*Reyes, supra*, 97 Cal.App.5th at p. 295.) He later filed a petition for resentencing, which the trial court denied because his conviction occurred under the current murder laws after the effective date of Senate Bill No. 1437. (*Reyes*, at p. 296.) The court of appeal affirmed, explaining that the petitioner was ineligible for relief under section 1172.6 for two independent reasons. "First, in order to be resentenced, the charging document filed against appellant must have allowed the prosecution to proceed under a theory of murder liability that is

3

now invalid." (*Id.* at p. 298.)  That reason does not apply here.  Unlike *Reyes*, where the Information was filed under the amended murder statutes, the Amended Information against Bailey was filed in 2017, before the effective date of the amendments to sections 188 and 189.

But the second reason *Reyes* denied relief under section 1172.6 does apply here.  Because the petitioner in *Reyes* had been convicted after the adoption of Senate Bill No. 1437, the petitioner had already received the benefits of that legislation.  (*Reyes, supra*, 97 Cal.App.5th at pp. 298–299.)  The court in *Reyes* explained:  "In order to be resentenced, a petitioner must allege that he could not presently be convicted of murder (or its attempt) 'because of changes' brought by Senate Bill No. 1437.  [Citation.]  This language demonstrates that appellant's petition was properly denied.  Appellant was not convicted under the prior law, which permitted a theory of murder based on imputed malice.  Instead, he entered his change of plea in 2021 with the advice and consent of legal counsel.  When appellant entered his change of plea, the now invalid theories of murder liability had already been eliminated.  Consequently, appellant has already received the benefits of Senate Bill No. 1437."  (*Reyes,* at p. 298.)

Here, Bailey changed his plea while represented by counsel and was convicted in September 2019, nine months after the effective date of the amendments to the murder statutes.  As in *Reyes*, the prosecution could not have proceeded under a theory of felony murder or murder with imputed malice because the law had changed by then.  Because Bailey already received the benefits of Senate Bill No. 1437, he is not entitled to relief under section 1172.6, and the trial court did not err in denying his resentencing petition.

## DISPOSITION

The order denying Bailey's petition for resentencing is affirmed.

CHOU, J.

We concur.

SIMONS, Acting P. J.
BURNS, J.

*People v. Bailey* / A166698